# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RICHARD LIEU, Ph.D.,** }<br>}<br>    **Plaintiff,** }<br>}<br>v. }<br>}<br>**THE BOARD OF TRUSTEES OF** }<br>**THE UNIVERSITY OF ALABAMA** }<br>**and DR. CHRISTINE CURTIS,** }<br>}<br>    **Defendants.** } | Case No.: 5:15-cv-02269-MHH |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Lieu, Ph.D. is a tenured professor at the University of Alabama in Huntsville. In this lawsuit, Dr. Lieu contends that the defendants discriminated and retaliated against him because of his race, national origin, and color. Dr. Lieu asserts Title VII claims against the Board of Trustees for the University of Alabama. Dr. Lieu asserts an individual capacity 42 U.S.C. § 1983 equal protection claim against Dr. Christine Curtis, the Provost and Executive Vice President for Academic Affairs at the University of Alabama in Huntsville. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Dr. Curtis asks the Court to

dismiss Dr. Lieu's claim against her.[1] For the reasons stated below, the Court grants the motion to the extent that Dr. Lieu asserts a § 1983 retaliation claim. The Court denies the motion with respect to Dr. Lieu's § 1983 discrimination claim.

I.    **Rule 12(b)(6) Standard**

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, *1 (M.D. Ala. March 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds

---

[1] The Court previously denied the Board of Trustee's motion to dismiss Dr. Lieu's Title VII discrimination and retaliation claims. (Doc. 14). The Court held a hearing on the Board's motion and Dr. Curtis's motion on November 2, 2016. A court reporter was present and a transcript is available upon request.

2

upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). Therefore, the Court presents the facts that follow in the light most favorable to Dr. Lieu, recognizing that the defendants may dispute many of the factual allegations and that discovery may enable the defendants to challenge Dr. Lieu's factual allegations later in this action.

## II. FACTUAL BACKGROUND

Dr. Lieu was born in Hong Kong when it was a British dependent territory. (Doc. 8, ¶ 11). He became a naturalized American citizen in 2002, and he holds dual citizenship in the United States and the United Kingdom. (Doc. 8, ¶ 12).

The University of Alabama in Huntsville hired Dr. Lieu in 1995. (Doc. 8, ¶ 11). In 2001, Dr. Lieu became a tenured associate professor. In 2005, he became a full professor. In 2008, Dr. Lieu became a distinguished professor in the university's physics department. In 2013, the university selected Dr. Lieu over two other candidates to serve a four-year term as the chair of the school's physics department. (Doc. 8, ¶ 13).

As chair of the physics department, Dr. Lieu recruited Dr. Ally Bizhu Jiang to fill a lecturer's position at the university. (Doc. 8, ¶ 16). Dr. Jiang is a Chinese citizen. The physics department selected Dr. Jiang as the top candidate for the position. (Doc. 8, ¶ 16). The university failed to petition for Dr. Jiang's work visa in time for her to start work by the date provided in her contract with the university. (Doc. 8, ¶ 17). Therefore, Dr. Jiang did not have her work visa by the time classes began, and Dr. Sundar Christopher, the university's Dean of Science, withdrew Dr. Jiang's offer because she did not appear for work. (Doc. 8, ¶¶ 15, 17).

Dr. Lieu spoke to Dr. Christopher and "contested" the decision to withdraw Dr. Jiang's offer. (Doc. 8, ¶ 18). On October 16, 2014, soon after Dr. Lieu complained about the university's decision to rescind Dr. Jiang's offer of employment, Dr. Curtis emailed Dr. Lieu. The email stated that the university "will not hire anyone from overseas. We [the University] have sufficient talent in the United States to fill lecturer positions." (Doc. 8, ¶ 19). Dr. Curtis copied University of Alabama in Huntsville's President, Dr. Robert Altenkirch, on the email. (Doc. 8, ¶ 19). After Dr. Lieu received Dr. Curtis's email, he continued to complain to Dr. Christopher and Dr. Curtis about the university's failure to hire Dr. Jiang and the university's new purported policy of hiring only individuals born in the United States to fill lecturer positions. (Doc. 8, ¶ 20).

On January 21, 2015, Dr. Christopher and Dr. Curtis removed Dr. Lieu from his position as the physics department chair "without following the procedures for such an action stipulated in the [f]aculty [h]andbook." (Doc. 8, ¶ 21). At the time, Dr. Lieu had over two and a half years left on his contract to serve as chair of the physics department. (Doc. 8, ¶ 21). As a result of the demotion, Dr. Lieu experienced "a substantial pay cut." (Doc. 8, ¶ 21). The university replaced Dr. Lieu with a Caucasian. (Doc. 8, ¶ 22).

One month after Dr. Christopher and Dr. Curtis removed Dr. Lieu as the physics department chair, Dr. Curtis and an associate provost met with Dr. Lieu. (Doc. 8, ¶ 23). During the meeting, Dr. Curtis told Dr. Lieu that she was upset that Dr. Lieu "just wouldn't take 'no' for an answer with regard to Dr. Jiang." (Doc. 8, ¶ 23). Dr. Curtis indicated that Dr. Lieu's "defense of Dr. Jiang was a reason for his dismissal" as the physics department chair. (Doc. 8, ¶ 23). Dr. Curtis offered no other reason for removing Dr. Lieu as the chair of the physics department. (Doc. 8, ¶ 23). Also during the meeting, Dr. Curtis presented Dr. Lieu with a letter of resignation. Dr. Curtis asked Dr. Lieu to sign the letter in exchange for monetary compensation. (Doc. 8, ¶ 23). Dr. Lieu did not sign the letter of resignation. (Doc. 8, ¶ 23). The lecturer position for which Dr. Lieu recruited Dr. Jiang remains vacant. (Doc. 8, ¶ 23).

Based on these allegations, Dr. Lieu contends that Dr. Curtis discriminated and retaliated against him in violation of his equal protection rights. (Doc. 8, ¶¶ 31-38).

## III. DISCUSSION

Dr. Curtis asks the Court to dismiss Dr. Lieu's § 1983 equal protection claim on the basis of qualified immunity.[2] "Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). If an official demonstrates that she was acting within her discretionary authority at the time of the alleged violation, to overcome the official's qualified immunity defense, the plaintiff must show that the official violated a clearly established constitutional right. *Floyd v. Corder*, 426 Fed. Appx. 790, 791 (11th Cir. 2011) (citing *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)).

"[D]ecisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state . . .

---

[2] The Court does not address Dr. Curtis's arguments with respect to official capacity or Title VII claims (*see* Doc. 10, pp. 3-4) because Dr. Lieu asserts only an individual capacity § 1983 claim against Dr. Curtis (*see* Doc. 8, ¶¶ 3, 31-38; *see also* November 2, 2016 hearing transcript).

can clearly establish the law." *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007) (citing *Marsh v. Butler Cty.*, 268 F.3d 1014, 1032 n.10 (11th Cir. 2001) (en banc)). The Eleventh Circuit has held that individuals have a clearly established right to be free from intentional race discrimination. *See e.g., Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1321 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) ("[T]here can be no doubt that in December 1992, . . . it was clearly established that intentional discrimination in the workplace on account of race violated federal law."); *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1478 (11th Cir. 1991) ("It is beyond doubt that the principal right allegedly violated by the defendants—the equal protection right to be free from intentional racial discrimination—was clearly established at the time [the defendants] fired [the plaintiff]."); *Jolivette v. Arrowood*, 180 Fed. Appx. 883, 886 (11th Cir. 2006) ("The right to be free from racial discrimination in the employment context is clearly established."). However, "no clearly established right exists under the equal protection clause to be free from retaliation." *Ratliff v. DeKalb Cty., Ga.*, 62 F.3d 338, 341-42 (11th Cir. 1995) (reversing district court's denial of qualified immunity on plaintiff's § 1983 equal protection retaliation claim) (emphasis omitted).

The Court grants Dr. Curtis's motion to dismiss Dr. Lieu's § 1983 equal protection claim to the extent that Dr. Lieu contends that Dr. Curtis retaliated

7

against him because Dr. Lieu has not alleged that Dr. Curtis's actions violated a clearly established right. Accordingly, Dr. Curtis is entitled to qualified immunity on Dr. Lieu's § 1983 retaliation claim. *See Ratliff*, 62 F.3d at 341-42; *Clark v. Alabama*, 141 Fed. Appx. 777, 789 (11th Cir. 2005) (citing *Ratliff* and finding that "[b]ecause [the plaintiff] only asserted in her amended complaint an equal-protection claim [of retaliation] under § 1983, the district court did not err in concluding that [the plaintiff] failed to allege a clearly established statutory or constitutional right and that qualified immunity was warranted.") (internal quotation marks omitted).

The Court denies Dr. Curtis's motion to dismiss Dr. Lieu's § 1983 race discrimination claim because, at this stage of the litigation, the facts alleged in the first amended complaint plausibly suggest that Dr. Curtis violated Dr. Lieu's right to be free from race discrimination.[3] Assuming the truth of the allegations in the first amended complaint and viewing the factual allegations in that complaint in the light most favorable to Dr. Lieu, Dr. Curtis demoted Dr. Lieu after he criticized the university's handling of its employment offer with respect to a Chinese citizen that Dr. Lieu recruited to the school and after Dr. Curtis stated that the university would "not hire anyone from overseas" because the school had "sufficient talent in

---

[3] The Court finds, and Dr. Lieu does not appear to contest, that the allegations against Dr. Curtis all concern actions that Dr. Curtis took within her discretionary authority as Provost and Vice President of Academic Affairs of the University of Alabama in Huntsville. (Doc. 8, ¶¶ 19, 21, 23; *see also* Doc. 12).

8

the United States to fill lecturer positions." (Doc. 8, ¶ 19; *see also* Doc. 8, ¶¶ 20-21). Dr. Curtis told Dr. Lieu that she was upset that he would not take "no" for an answer with respect to the university's decision to withdraw an employment offer to a Chinese lecturer candidate who Dr. Lieu recruited, and the only reason that Dr. Curtis offered for Dr. Lieu's demotion was Dr. Lieu's defense of the Chinese lecturer candidate. (Doc. 8, ¶¶ 16, 23). After Dr. Curtis removed Dr. Lieu, a native of Hong Kong, as the chair of the physics department, the school replaced Dr. Lieu with a Caucasian. (Doc. 8, ¶ 23).

These allegations sufficiently allege a § 1983 discrimination claim, and they plausibly suggest that Dr. Curtis discriminated against Dr. Lieu because of his race, national origin, and/or color.[4] Therefore, Dr. Curtis is not entitled to qualified immunity on Dr. Lieu's § 1983 discrimination claim at the pleading stage. *See e.g., Brown*, 923 F.2d 1474, 1478 (reversing 12(b)(6) dismissal of § 1983 race discrimination claims on qualified immunity grounds because complaint listed "specific instances of allegedly discriminatory conduct that [the plaintiff] claim[ed] led to the decision to terminate him"); *Smiley v. Ala. Dep't of Transp.*, 778 F.

---

[4] To state a claim for race discrimination, a plaintiff must allege facts plausibly suggesting that "(1) that he is a member of a protected racial class, (2) that he was qualified for the position, (3) that he experienced an adverse employment action, and (4) that he was replaced by someone outside of his protected class. . . ." *Flowers v. Troup Cty., Ga., School Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015); *see also Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843, n. 11 (11th Cir. 2000) ("The elements of a section 1983 claim of race. . . discrimination are the same as the elements of a Title VII disparate treatment action."). The Court previously found that Dr. Lieu's complaint states a claim for Title VII race discrimination. (November 2, 2016 hearing transcript; Doc. 14).

Supp. 2d 1283, 1300-01 (M.D. Ala. 2011) (denying qualified immunity at motion to dismiss stage because "[i]t [wa]s clear from the [c]omplaint that [the plaintiff] contend[ed] that [the defendants] violated his right to be free from discrimination on the basis of his race").

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Dr. Curtis's motion to dismiss. The Court **DISMISSES WITH PREJUDICE** Dr. Lieu's § 1983 retaliation claim against Dr. Curtis. Dr. Lieu's § 1983 discrimination claim against Dr. Curtis will proceed.

**DONE** and **ORDERED** this June 19, 2017.

_/s/ Madeline H. Haikala_
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE