# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RICHARD LIEU, Ph.D.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 5-15-cv-02269-MHH |
| | ) |
| **THE BOARD OF TRUSTEES of the** | ) |
| **UNIVERSITY OF ALABAMA, on behalf** | ) |
| **of the UNIVERSITY IN HUNTSVILLE,** | ) |
| **DR. CHRISTINE CURTIS, and** | ) |
| **Dr. ROBERT A. ALTENKIRCH,** | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW, Richard Lieu, Ph.D., Plaintiff in the above-styled action, files his Second Amended Complaint against The Board of Trustees of the University of Alabama, on behalf of the University in Huntsville, Dr. Christine Curtis and Dr. Robert A. Altenkirch, in support thereof, would show as follows:

### PARTIES

1. Plaintiff Richard Lieu, Ph.D. holds dual citizenship in the United States and the United Kingdom having been born in Hong Kong, China, and is above the age of nineteen (19) and is a resident of the State of Alabama.

2. Defendant the Board of Trustees of The University Of Alabama, on behalf of the University in Huntsville (the "University") is an agency of the State

1

of Alabama and operates in Madison County, Alabama within the Northern District of Alabama.

3.  Dr. Christine Curtis, Provost and Executive Vice President for Academic Affairs at University of Alabama in Huntsville, ("Defendant Curtis") is above the age of nineteen (19) years and, upon present information and belief, is a resident of Madison County, Alabama. She is sued in her individual capacity.

4.  Dr. Robert A. Altenkirch, President of University of Alabama in Huntsville, ("Defendant Altenkirch") is above the age of nineteen (19) years and, upon present information and belief, is a resident of Madison County, Alabama. He is sued in his individual capacity.

## JURISDICTION AND VENUE

5.  All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

6.  Federal jurisdiction exists as this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, the Civil Rights Act of 1991, 42 U.S.C. § 1983a, and Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

7.  This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

**CONDITIONS PRECEDENT**

8. Plaintiff has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on April 3, 2015 alleging discrimination by the University and retaliation for complaints regarding same, a copy of which is attached hereto as Exhibit A and its terms incorporated by reference as if fully set out herein.

9. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter, dated October 14, 2015, a copy of which is attached hereto as Exhibit B and its terms incorporated by reference as if fully set out herein.

10. Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

**FACTS**

11. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 10 as if fully set out

12. Richard Lieu was born in Hong Kong, China, then a British Dependent Territory, in 1956. He received his Bachelor of Science, Masters and Doctorate in Physics from Imperial College in London, England. He began his academic career at University of California, Berkeley, before coming to the University in 1995.

13. Dr. Lieu became a naturalized American citizen in 2000, and now holds dual citizenship in both the United States and in the United Kingdom.

14. Dr. Lieu became a tenured Associate Professor in 2001, a full Professor in 2005 and a Distinguished Professor in the Physics Department in 2008. In 2013, Dr. Lieu was elected over two other candidates as the Chair of Physics Department by a majority of his peers, under the then Dean of Science, Jack Fix, Ph.D. This was to be a four (4) year term ending in 2017.

15. Prior to Dr. Lieu, all of the Deans of the University's Physics Department had been Caucasian except a Chinese who held the position for approximately a year or so in the 1960s.

16. On May 31, 2014, Dean Fix stepped down and Sundar Christopher, Ph.D. became the new Dean of Science.

17. While Chair of the University Physics Department, Dr. Lieu recruited a Chinese citizen, named Ally Bizhu Jiang Ph.D., to fill a lecturer's position. Dr. Jiang is a Chinese citizen and at the time had already distinguished herself as a standout physics student at the Tsinghua University in Beijing, one of the finest physics universities in the world. She was selected by the Physics Department's search committee as the top candidate for the job.

18. However, before Dr. Jiang could begin teaching, UAH administration failed to petition for her work visa in time for her to commence work by the start

4

date stated in her contract. As a result, she did not have a work visa by the time classes began, and Dean Christopher withdrew her offer after attributing fault to Dr. Jiang for not showing to work on time.

19. Dr. Lieu went to Dean Christopher and contested the decision to withdraw Dr. Jiang's offer.

20. Soon after Dr. Lieu's first complaint about the issue of Dr. Jiang's job loss, Provost Christine Curtis sent Dr. Lieu an e-mail on October 16, 2014, which she copied the University's President, Robert Altenkirch, Ph.D., and Dean Christopher. This e-mail articulated University policy that it will "not hire anyone from overseas. We [the University] have sufficient talent in the United States to fill lecturer positions."

21. Well after the commencement of this lawsuit, the Plaintiff became aware that, on October 15, 2014, the day prior to the date the above-referenced email was sent by Defendant Curtis to Plaintiff, Dr. Curtis sent an email to Defendant Altenkirch regarding Plaintiff and the issue with filling open positions. Defendant Altenkirch responded with an email that included the following language: "it should be also be made clear that we aren't going to hire a lecturer from overseas…The[sic] should be plenty of local talent from which to choose." Defendant Curtis relayed basically the same language in the email she sent to Plaintiff the following day.

22. Through this email, Dr. Altenkirch expressed his personal disapproval for hiring applicants from "overseas" and directed Provost Curtis to communicate this displeasure to Dr. Lieu. Dr. Altenkirch was therefore directly involved in the discriminatory act described below.

23. After receiving the e-mail from Defendant Curtis, Dr. Lieu continued to complain to Dean Christopher and Provost Curtis regarding the University's failure to hire Dr. Jiang and its apparently-new policy to hire only those born in the United States to fill its lecturers' positions.

24. On January 21, 2015, Dr. Altenkirch, Dean Christopher and Provost Curtis removed Dr. Lieu from the Chair position after less than a year and a half of service and well before the natural termination of his four-year contract. This demotion resulted in a substantial cut in pay for Dr. Lieu. Dr. Altenkirch, Dean Christopher and Provost Curtis took this action without following the procedures for such an action stipulated in the Faculty Handbook.

25. Dr. Lieu was promptly replaced by a Caucasian who was appointed as chair without a vote of the faculty contrary to the dictates of the Faculty Handbook.

26. One month after Dr. Altenkirch, Dean Christopher and Provost Curtis abruptly terminated his Chairmanship, Dr. Lieu was called to a meeting in the office of University Provost, Christine Curtis, Ph.D.; Associate Provost, Dr. Brent Wren, was also present. At this meeting, Provost Curtis told Dr. Lieu that she was

upset that he 'just wouldn't take "no" for an answer' with regard to Dr. Jiang. Provost Curtis also indicated that Dr. Lieu's defense of Dr. Jiang was a reason for his dismissal as the Chair of Physics, and furnished him with no other reason. In this same meeting, Provost presented a letter of resignation to Dr. Lieu, and requested him to sign. Moreover, she offered him monetary compensation for signing. Dr. Lieu refused to sign.

27. Upon present information and belief, the Lecturer of Physics position remains vacant.

## COUNTS

### Count I

**Race Discrimination and Retaliation Under
Title VII of the Civil Rights Act of 1964
(Defendant The Board of Trustees of the University of Alabama,
on behalf of the University in Huntsville)**

28. Plaintiff re-asserts the averments set forth in Paragraphs 1 through 27 hereof, as though fully set forth herein.

29. The Defendant engaged in a discriminatory practice or discriminatory practices against Plaintiff based on his race, national origin, color and/or his complaints made with respect to the treatment of Dr. Jiang with malice or reckless indifference to the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

30. The actions of the Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

31. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and is now suffering and will continue to suffer irreparable harm and injury from their treatment by the Defendant unless and until the Defendant is enjoined by this Court.

32. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

33. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended.

### Count II

### Violation of Fourteenth Amendment
### 42 U.S.C. § 1983
### (Defendants Dr. Christine Curtis and Defendant Dr. Robert Altenkirch)

34. Plaintiff re-asserts the averments set forth in Paragraphs 1 through 27 hereof, as though fully set forth herein.

35. Plaintiff avers that Defendants Curtis and Altenkirch intentionally and purposefully discriminated against Plaintiff by depriving him of the rights

guaranteed him by the United States Constitution and 42 U.S.C. § 1983. Specifically, Defendant Curtis violated Plaintiff's rights under 42 U.S.C. § 1983 and his Fourteenth Amendment equal protection rights by subjecting him to race discrimination and by demoting him and cutting his pay due to his race, Chinese.

36.     Plaintiff avers that Defendant Curtis and Altenkirch's discriminatory actions as stated above violated Plaintiff's clearly established rights protecting him against race discrimination and were performed with malice and/or done with reckless disregard to the Plaintiff's federally protected civil rights; and that as a proximate consequence thereof, Plaintiff has been damaged; that Plaintiff has been caused to suffer intense emotional distress, embarrassment, humiliation, anxiety, and concern; and Plaintiff is entitled to an award of compensatory damages and punitive damages against Defendant Curtis; that Defendant Curtis' conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of actual compensatory and punitive damages in an amount to be determined by the jury against Defendants Curtis and Altenkirch.  As a direct and proximate consequence of Defendant Curtis' wrongful conduct, Plaintiff has suffered injuries and damages.

37. Defendants Curtis and Altenkirch engaged in discrimination against Plaintiff on the basis of his race with malice towards Plaintiff's equal protection rights under the Fourteenth Amendment, and his rights under 42 U.S.C. § 1983.

38. The conduct described herein constituted unlawful discrimination against Plaintiff in terms, conditions, and privileges of employment on the basis of his race in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

39. Defendants Curtis and Altenkirch knew they were violating Plaintiff's clearly established legal right to be free of race discrimination.

40. Plaintiff has suffered, and will continue in the future to suffer, pecuniary losses as a direct result of the Defendants Curtis' and Alternkirch's violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

41. Plaintiff is entitled to an award of compensatory and punitive damages against Defendants Curtis and Altenkirch in their individual capacities.  Defendant Curtis' and Altenkirch's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of actual compensatory and punitive damages in an amount to be determined by the jury against Defendants Curtis and Altenkirch.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare the conduct engaged in by the Defendants to be in violation of the Plaintiff's rights;

b. Enjoin the Defendants from engaging in such conduct;

c. Reinstate Plaintiff to his previous position as Chair of Physics Department;

d. Award the Plaintiff compensatory and punitive damages in an amount to be determined by the Court;

e. Award Plaintiff interest, costs and attorneys' fees; and

f. Grant such further and other relief, including equitable, as it may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Dated this the 24th day of January, 2018.

           s/ Teri Ryder Mastando
           Teri Ryder Mastando (ASB-4507-E53T)
           Eric J. Artrip (ASB-9673-I68E)
           MASTANDO & ARTRIP, LLC
           301 Washington Street, Suite 302
           Huntsville, Alabama 35801
           Phone:   (256) 532-2222
           Fax:      (256) 513-7489
           teri@mastandoartrip.com
           artrip@mastandoartrip.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 24th day of January, 2018, electronically filed the foregoing with the Clerk of the Court and have served a copy of the foregoing upon the following by electronic service, by facsimile or by placing a copy of same in the United States mail, postage prepaid and properly addressed.

John O. Cates, Esq.
Elizabeth Hamrick, Esq.
Office of Counsel
UNIVERSITY OF ALABAMA SYSTEM
247 Shelbie King Hall
301 Sparkman Drive
Huntsville, AL 35899

Defendant to Be Served Via Certified Mail

Dr. Robert Altenkirch
The University of Alabama in Huntsville
Student Services Building, SSB 300
301 Sparkman Drive
Huntsville, AL 35899

                                                s/ Teri Ryder Mastando
                                                Teri Ryder Mastando

# EXHIBIT A

Case 5:15-cv-02269-MHH   Document 34   Filed 04/06/18   Page 13 of 16

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA<br>_X_ EEOC | 420-2015-01462 |
| | and EEOC | |

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Dr. Richard Lieu | Home Phone (Incl. Area Code)<br>256 830 | Date of Birth<br>1956 |
|---|---|---|
| Street Address<br>106 Twelve Oaks Drive | City, State and ZIP Code<br>Madison, AL. 35758 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>University of Alabama-Huntsville | No. Employees, Members<br>450 | Phone No. (Include Area Code)<br>(256) 824 1000 |
|---|---|---|
| Street Address<br>301 Sparkman Drive | City, State and ZIP Code<br>Huntsville, AL  35899 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>_X_ RACE  ___ COLOR  ___ SEX  ___ RELIGION  _X_ NATIONAL ORIGIN<br><br>_X_ RETALIATION  ___ AGE  ___ DISABILITY  ___ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest     Latest<br>1/21/2015<br>_X_ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):
I was born in Hong Kong. I studied at Imperial College in London, England. In 1995, I began my employment with the University of Alabama in Huntsville (UAHuntsville) in the Physics Department. I was granted tenure in 2001. In 2008, I was appointed as a Distinguished Professor. In 2013, I was named Chair of the Physics Department for a four-year term. Prior to my Chairmanship, all Chairs of the Department had been Caucasian except a Chinese Chair back in the 1960s (Dr. Chan), whose Chairmanship only lasted a short time

While Chair of the Department, I hired a Chinese citizen named Bizhu Jiang to fill a lecturer's position. Dean Sundar Christopher withdrew her offer because, as a result of UAHuntsville's own delay, she did not have a work visa in time to start. I went to Dean Christopher and contested this decision. Shortly thereafter, I was told in an e-mail from Provost Christine Curtis that UAHuntsville will "not hire anyone from overseas."

On January 21, 2015, I was removed from my Chair position after only a year and a half. Dean Christopher did not follow the procedural safeguards in place found in the Faculty Handbook. I was subsequently replaced by a Caucasian who was appointed as chair without a vote of the faculty. I believe I was subjected to discrimination based on my race and national origin and terminated in violation of Title VII of the Civil Rights Act. I am filing this Charge on behalf of myself and all others similarly-situated.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>RECEIVED<br>APR 03 2015<br>BIRMINGHAM DISTRICT |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br>4/2/2015    *Richard Lieu*<br>Date     Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT
B

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Richard Lieu<br>106 Twelve Oaks Drive<br>Madison, AL 35758 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2015-01462 | Jamila Mims,<br>Investigator | (205) 212-2118 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                                      On behalf of the Commission

Enclosures(s)                *(signature)*                   OCT 14 2015

                                  Delner Franklin-Thomas,            *(Date Mailed)*
                                  District Director

cc:
| Robert W. Rieder<br>Chief University Counsel<br>THE UNIVERSITY OF ALABAMA SYSTEM<br>347 Shelbie King Hall<br>Huntsville, AL 35899 | Eric J. Artrip<br>MASTANDO & ARTRIP, LLC<br>301 Washington Street<br>Suite 302<br>Huntsville, AL 35801 |
|---|---|